Miranda, Plaintiff and Appellee, *v.* Arroyo, Defendant and Appellant.

Appeal from the District Court of Ponce in an Action for Breach of Contract.

No. 3189.—Decided July 31, 1924.

Purchase and Sale—Specific Performance of Contract.—The object of the complaint was to compel the defendant to receive a deed of purchase and sale and to pay damages for the breach of a contract in which the purchaser agreed to pay the price upon receipt of the deed. The plaintiff alleged that delivery of possession and of the deed depended upon the previous recording of a partition and the defendant maintained that it was agreed that these formalities should be carried out within one month. The contract was signed when a coffee crop growing on the property was about to be harvested. The property was under lease and the rent was an inducement to buy, the purchaser also intending to occupy the house on the property and some land that had not been leased in order to engage in buying and selling coffee. After the deed of partition had been recorded and before demand was made upon the defendant, in consideration of a bonus offered to him by the lessee

the plaintiff rescinded the lease. The partition was recorded eight months after the purchase and sale. *Held:* That the vendee was justified in refusing to accept the deed.

The facts are stated in the opinion.

*Mr. S. León Lugo* for the appellant.

*Messrs. Tous Soto & Pérez Marchand* for the appellee.

Mr. Justice Hutchison delivered the opinion of the court.

Plaintiff brought suit to compel acceptance of a deed and for damages for alleged breach of an agreement evidenced in part by a writing in terms as follows:

"We hereby certify that on this twenty-fifth day of August, 1921, I purchased from Félix Miranda a property situated in the municipality of Villalba containing 103 acres of land used for pasture, and a house and shed. Terms of our agreement: the number of acres is more or less; the purchaser assumes no further liability; I will deliver said sum in cash upon receipt of the title deed to said property and the party who shall fail to perform his part of the agreement shall pay an indemnity of $500. In witness whereof we sign this document in the presence of the undersigned witnesses. — (sd.) Félix Miranda.—Juan José Arroyo. — Apolinar Guzmán.—Francisco Guzmán."

The court below rendered judgment for plaintiff and dismissed a counter-complaint in which defendant sought to recover damages claimed as the result of an alleged breach of the same contract by plaintiff.

There is little or no controversy upon the proposition that immediate delivery of possession was not contemplated. Plaintiff contended and the court below presumably concluded that possession was to be delivered upon execution of the deed and that both events were contingent upon the recording of a deed of partition as an indispensable prerequisite to the execution of a conveyance eligible to record. Defendant insisted upon the existence of a further condition, to wit, that complete performance of all these conditions was to be accomplished within one month.

The memorandum above set forth was signed when a coffee crop was about to be harvested. The amount of

coffee produced by the land in question was a negligible, factor; but the purpose of defendant was to occupy a house standing upon the property, which together with several acres of land was not included in an existing lease, to which further reference will be made herein, and to engage in the business of buying coffee. The location of the site so selected was admirably suited to that purpose. No doubt the purchaser was assured and expected that delivery of possesion would be made within thirty days. Whether or not there was a definite meeting of minds upon this point, and an unqualified undertaking on the part of the vendor as a condition precedent to acceptance of a deed when tendered, is not so clear. In any event, we find no such manifest error in the weighing of the evidence in this regard as to justify a reversal of the judgment in so far as the dismissal of the counter-complaint is concerned.

At the date of the contract upon which this action is based, the property, with the exception already noted, was under lease; and the monthly rental from this source, in itself a relatively large return upon the investment during the life of the lease, figured prominently as an inducement to buy. It also explains the tenacity with which the vendor adhered to what, for the purpose of this opinion, may be conceded to be his technical right to refuse delivery of possession pending the record of the deed of partition.

That instrument was recorded some eight months after the making of the agreement of purchase and sale, *supra.*

Had the vendor thereupon made his demand upon the purchaser, without further alteration of the situation, we might and probably would hesitate to reverse the judgment for damages and specific performance, save perhaps as to the pronouncement awarding costs to plaintiff.

But before making that demand, plaintiff, in consideration of a small premium or bonus offered by the lessee, rescinded the contract of lease. The rental for the unexpired term extending over a period of something less than two

years from the date of rescission, was well secured, and by this deliberate act of the vendor the purchaser was deprived of the second of the two primary inducements that had prompted the purchase. The first in so far as the pending coffee crop was concerned had already been lost by reason of the long delay in recording the deed of partition.

There are other considerations, but an exhaustive analysis of all the evidence contained in some 250 typewritten pages would serve no very useful purpose.

All things considered, we are persuaded that defendant was justified in declining to accept a deed, at the time of the tender thereof, and that the interests of substantial justice will be best subserved by leaving the parties as they were prior to August 25, 1921.

The judgment appealed from must be affirmed, in so far as the dismissal of the counter-complaint is concerned, and in all other respects reversed; and in lieu of the affirmative relief afforded plaintiff in the court below, the judgment of this court should be entered dismissing the action, without costs to either party.

*Reversed in part.*

Chief Justice Del Toro and Justices Wolf, Aldrey and Franco Soto concurred.